## Ella L. Fisk, Plaintiff in Error, v. L. M. Smith et al., trading as L. M. Smith & Brother, Defendants in Error.

### Gen. No. 20,460.

VENDOR AND PURCHASER, § 298*—*when vendor not entitled to earnest money on default of purchaser.* A contract for the sale of real estate recited that the purchaser had paid $100 as earnest money and provided that should the purchaser fail to perform, the earnest money should, at the vendor's option, be retained as liquidated damages; that it should be held by her agents for the mutual benefit of the parties and that in the event of the retention of the money, it should be such agents' duty to apply it, first, to the payment of any expenses incurred for the vendor by her agents and second, to the payment to the vendor's broker of a commission of "..........per cent on the selling price" for his services in procuring the contract, rendering the overplus to the vendor. At the same time the vendor's agents and the purchaser by her agent executed a joint escrow agreement which recited that "the accompanying contract & $100 are deposited" with a trust company "to be delivered by it only upon the joint order of the undersigned or their respective legal representatives or assigns." On the same paper was a direction to the trust company, signed in the same manner as the escrow agreement, that if the balance of the purchase price was not deposited by a day named, the trust company was authorized and directed to pay $50 to the vendor's agents and $50 to the purchaser's agent. The purchaser having defaulted and the sale not having been made, the trust company, on demand, paid $50 to the vendor's agents and $50 to the purchaser's agent. In an action by the vendor against her agents to recover the $100 earnest money, it was *held* that a judgment for defendants was proper.

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LaBuy, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 29, 1915.

BRODE B. DAVIS, for plaintiff in error.

P. H. BISHOP, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a writ of error brought to reverse a judgment of *nil capiat* and for costs rendered by the Municipal Court of Chicago against Ella L. Fisk, the plaintiff in that court and plaintiff in error here, who brought suit against L. M. Smith, F. M. Smith and F. C. Otis, who are partners doing business as L. M. Smith & Bro. L. M. Smith & Bro. are real estate agents. In April, 1913, they were acting as agents for the plaintiff, Ella L. Fisk, in collecting the rents of some real estate owned by her, described as Lot 1 in the Subdivision of Lot 29 and the north 25 feet of Lot 30 in Grigg's Subdivision, etc., and known as 3721 Prairie avenue, Chicago. She had requested the defendants to sell this property for the best price that they could obtain for it. On April 24, 1913, therefore, they negotiated a sale of it and received a written memorandum of agreement signed "Marvine Canty By Jesse Binga," which was produced in evidence. According to a letter of L. M. Smith & Bro., also put in evidence, Jesse Binga acted as the agent of Marvine Canty, who was his sister.

The agreement or "real estate contract" (which was signed as above stated and by no one else) provided that Marvine Canty agreed to purchase at the price of $2,700 the described real estate, and Ella L. Fisk agreed to sell at said price and to convey, etc. It recited that the purchaser had paid $100 "as earnest money to be applied on such purchase when consummated, and agrees to pay within five days after the title has been examined and found good or accepted * * * the further sum of $2,600." It also contained these provisions:

"Should said purchaser fail to perform this contract promptly on his part at the time and in the manner herein specified, the earnest money paid as above shall at the option of the vendor be retained by the vendor

as liquidated damages, and this contract shall thereupon become null and void. * * *

This contract and the said earnest money shall be held by L. M. Smith & Bro. for the mutual benefit of the parties concerned, and after the consummation of the sale they shall be at liberty to retain the cancelled contract permanently; and it shall be the duty of said L. M. Smith & Bro., in case said earnest money be retained as herein provided to apply the same, first, to the payment of any expenses incurred for the vendor by his agent in said matter, and second, to the payment to vendor's broker of a commission of......per cent on the selling price herein mentioned, for his services in procuring this contract, rendering the overplus to the vendor.''

At the same time, however, a paper headed ''Joint Order Escrow No. 1'' was signed by ''L. M. Smith & Brother By E. R. Evans'' (Evans was a salesman and agent of L. M. Smith & Brother) and by ''Marvine Canty By Jesse Binga,'' which contained this recital:

''The accompanying contract & $100 are deposited with the Chicago Title & Trust Company to be delivered by it only upon the joint order of the undersigned or their respective legal representatives or assigns.''

On the same paper was the following direction to the Chicago Title & Trust Company, also signed by ''L. M. Smith & Brother By E. R. Evans'' and by ''Marvine Canty By Jesse Binga:''

''If balance of purchase price is not deposited by 10 A. M. May 24, 1913, you are authorized and directed to pay the sum of $50 to L. M. Smith & Bro. and $50 to Jesse Binga.''

The contract, the $100 and this document, ''Joint Order Escrow No. 1'' were deposited with the Chicago Title & Trust Company. The purchaser ''failed to materialize,'' to quote the testimony of Mr. Evans in this case. The sale and conveyance were not made. This was solely owing to the default of the purchaser. Thereupon, on demand of the parties, the Chicago Title & Trust Company paid over $50 to L. M. Smith & Bro.

and $50 to Jesse Binga, in acordance with the order before recited.

The plaintiff, Ella L. Fisk, thought the $100 should come to her and demanded it from the defendants, and failing to get it brought suit.

The trial judge in the Municipal Court, sitting without a jury, found for the defendants and this writ of error, as stated, is brought to reverse that judgment.

We think the judgment was correct. Whatever remedy, if any, for breach of contract against Marvine Canty the plaintiff may have had, she had, no right to treat the $100 deposited as "liquidated damages" and retain it, except the right given to her by the "real estate contract" and by the "Joint Order Escrow No. 1," executed at the same time and in the same matter by the same party and also by L. M. Smith & Bro., which must be considered a part of and be construed with it. Taking the two documents and their various provisions above recited together, it is apparent that the agreement made by Marvine Canty through Jesse Binga was that if she did not complete the purchase the $100 should be divided between her broker or agent and Mrs. Fisk's broker or agent for commissions and services; and this was the contract that Mrs. Fisk, who only acted through L. M. Smith & Bro., must be presumed to have accepted if she accepted any.

We think the judgment is in accordance with justice and the rights of the parties, and it is affirmed.

*Affirmed.*